UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ARTHUR LEHMANN,

     Plaintiff,

v.

CARNIVAL CORP.,

     Defendant.

CASE NO. 1:24-cv-20060-KMW

**CARNIVAL CORPORATION'S REBUTTAL EXPERT WITNESS DISCLOSURE**

Defendant, Carnival Corporation ("Carnival"), pursuant to Rule 26(a)(2) and the Court's

July 1, 2024 Order [ECF No. 17], discloses the following rebuttal expert witness that it intends to

rely on at trial:

1.  David J. Martyn, P.E., CSP, CMI
    3403 N. Sam Houston Parkway W.
    Suite 350
    Houston, TX 77086

Mr. Martyn is a marine engineer, naval architect, and Certified Marine Investigator with experience in technical analysis and engineering in the following areas: human factors, boating accidents, vessel lifesaving systems, walkway safety, and workplace safety. Martyn will testify to all aspects of liability relating to the safety of the subject tender boat operations at Cabo San Lucas, MX, including the transfer of passengers including Plaintiff onto tender boats from Carnival cruise ships in Cabo San Lucas, including but not limited to reasonableness in the use of the subject transfer/tender procedure, compliance with any applicable codes, regulations, and/or standards as to boarding tenders such as the one involved in the subject incident, adequacy of Carnival's policies and procedures regarding tender operations and assistance to passengers, the applicable standard of care, issues of causation, if any, and the contributory negligence/liability of Plaintiff. Martyn will provide his expert opinions and testimony based upon his review of all relevant documents and the CCTV video, all deposition testimony, the work of other experts, any and all research conducted, and his education, training, and experience. Martyn will specifically be called on to rebut the opinions of Plaintiff's liability expert, Randall Jaques. Mr. Martyn's report, along with his CV, testimony list, and rate sheet, are

1

attached to this disclosure.

Respectfully submitted,

/s/ Victor J. Pelaez
Victor J. Pelaez
Fla. Bar No. 78359
Email: vpelaez@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:   (305) 789-9200
Facsimile:    (305) 789-9201
*Attorneys for Carnival*

## CERTIFICATE OF SERVICE

I CERTIFY that a true and correct copy of the foregoing was sent via email this 31st day of October, 2024, to: Jason R. Margulies, Esq. (jmargulies@lipcon.com), and L. Alex Perez, Esq. (aperez@lipcon.com; myepez@lipcon.com), LIPCON, MARGULIES, & WINKLEMAN, P.A., 2800 Ponce de Leon Blvd., Suite 1480, Coral Gables, Florida 33134.

*/s/ Victor J. Pelaez*
Victor J. Pelaez
Fla. Bar No. 78359

2



## INVESTIGATION, RESEARCH AND TESTING

### Since 1970

# Arthur Lehmann v. Carnival Corporation
# Rebuttal Report

Carnival Corporation

Bahia San Lucas

Date of Incident:  July 13, 2023

---

Prepared for:

## Victor Pelaez, Esq.
## Fowler White Burnett, P.A.

1395 Brickell Avenue, 14th Floor
Miami, Florida 33131

Case No. 1:24-cv-20060-KMW

## S-E-A Matter No. 05.147272

Issue Date:  October 31, 2024
Signed by:



This item has been digitally signed and sealed by David Martyn, on 10/31/2024.

Printed copies of this document are not considered signed and sealed and the signature must be verified on any electronic copies.

S-E-A  |  3403 N. Sam Houston Parkway W., Ste. 350, Houston, TX 77086  |  800.880.7324  |  SEAlimited.com

ATLANTA • BALTIMORE/DC • CHARLOTTE • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DENVER • DETROIT • FT. LAUDERDALE • HOUSTON • ST. LOUIS •

# Table of Contents

List of Figures.................................................................................................................3

Acronyms, Abbreviations and Definitions ..............................................................4

I.    Executive Summary ........................................................................................5

Matter Assignment .............................................................................. 5

Scope .................................................................................................... 5

Methodology......................................................................................... 5

Conclusions .......................................................................................... 5

Signatures............................................................................................. 7

II.    Procedures ......................................................................................................8

III.    Discussion ......................................................................................................9

Background .......................................................................................... 9

Cruise Ship Description ........................................................... 9

Incident Description.................................................................. 9

Analysis.............................................................................................. 10

Review of Report by Mr. Randall W. Jaques ................................... 14

Rebuttal.................................................................................... 15

Appendices.......................................................................................................17

Investigator Credentials ................................................................... 17



S-E-A Matter No. 05.147272
Issue Date:  October 31, 2024

## List of Figures

Figure 1:  Mr. Lehmann approached the gangway with his cane in his right hand (cropped still image from video at run time 1:05.00)...............................................................................11

Figure 2:  Mr. Lehmann fell while holding his cane in his right hand (cropped still image from video at run time 1:27.98)........................................................................................12

Figure 3:  Close-up image of Mr. Lehmann's fall (cropped still image from video at run time 1:27.98)........................................................................................................13

Figure 4:  Stair handrail on board tender (Bates No. CCL_000162). ...............................................14



## Acronyms, Abbreviations and Definitions

| | |
|---|---|
| AMP | Autoridad Marítima de Panamá (Panama Maritime Authority) |
| CMI | Certified Marine Investigator |
| CSP | Certified Safety Professional |
| HESS | Health, Environment, Safety and Security |
| IMO | International Maritime Organization |
| ISM Code | International Safety Management Code |
| LR | Lloyd's Register - classification society |
| P.E. | Professional Engineer |
| PSIX | Port State Information Exchange |
| SOLAS | International Treaty for the Safety of Life at Sea |
| USCG | United States Coast Guard |



## I.   Executive Summary

### Matter Assignment

SEA, Ltd. (S-E-A) was requested by Victor Pelaez, Esq. of Fowler White Burnett, P.A., in Miami, Florida, to conduct a file review in the matter of Arthur Lehmann v. Carnival Corporation.  On July 13, 2023, the Plaintiff, Mr. Arthur Lehmann, fell while boarding a shore excursion tender from the Carnival Corporation (Carnival) Cruise Ship *Carnival Panorama* in Bahia San Lucas, offshore Cabo San Lucas, Baja California Sur, Mexico.  Mr. Lehmann was reportedly injured during the fall.  This file review was assigned to the direction of S-E-A Senior Naval Architect/Marine Engineer, David J. Martyn, P.E., CSP, CMI, as S-E-A Matter No. 05.147272.

### Scope

Specifically, S-E-A was requested to review the case documentation, and rebut, if necessary, the report of Mr. Randall W. Jaques, dated September 5, 2024.

### Methodology

The methodology utilized by S-E-A during the investigation of this incident was in accordance with scientific methodologies and applicable principles.  The investigation and analysis of any incident is a complex and scientific endeavor.  The methodology of such an endeavor, therefore, must include the comprehensive, objective, and accurate compilation and analysis of the available data.

### Conclusions

- **Mr. Jaques faulted Carnival for instructing Mr. Lehmann to hand his cane to a crewmember; this is incorrect.  The video shows that Mr. Lehmann held his cane in his right hand during the fall.**
- **Mr. Jaques did not perform a biomechanical analysis to explain if the cane was a causal factor in Mr. Lehmann's fall.  The incident video showed Mr. Lehmann carrying his cane, yet he still fell.**
- **Mr. Jaques faulted the tender crew for not assisting Mr. Lehmann to his seat.  Again, this was also not a causal factor.  Mr. Lehmann fell at the spot where he boarded the tender.**

S-E-A Matter No. 05.147272
Issue Date:  October 31, 2024



Docusign Envelope ID: 4E4C51F9-2636-495E-B77C-7B72AB44A7C8

- **The right-hand railing would have been visible to Mr. Lehmann's right, immediately before, and as he boarded the tender.**
- **Mr. Jaques did not cite any specific lapses or departures from the instructions in Carnival's HESS Procedure during Mr. Lehmann's incident.**

S-E-A Matter No. 05.147272
Issue Date: October 31, 2024



Docusign Envelope ID: 4E4C51F9-2636-495E-B77C-7B72AB44A7C8

## Signatures

S-E-A and the undersigned hereby certify the opinions and conclusions expressed herein were formed to a reasonable degree of professional certainty.  They are based upon the application of reliable principles and scientific methodologies to all of the facts known by S-E-A and the undersigned when this report was issued, as well as knowledge, skill, experience, training, and/or education.  Should additional information be discovered, S-E-A and the undersigned reserve the right to appropriately amend or augment these findings.

Prepared By:                                              Technically Reviewed By:


*David J. Martyn*                                        *Bryan R. Emond / beb*
B9F67F26205F497…


David J. Martyn, P.E., CSP, CMI                Bryan R. Emond
Senior Naval Architect/Marine Engineer
State of Florida
License No. 82585


SEA, Ltd.
7001 Buffalo Parkway
Columbus, Ohio 43229
COA No. 8430


DJM/beb



S-E-A Matter No. 05.147272
Issue Date:  October 31, 2024

Docusign Envelope ID: 4E4C51F9-2636-49F5-B77C-7B72AB44A7S8

## II.  Procedures

1.  **S-E-A reviewed the following documents provided by Fowler White Burnett, P.A.:**

    - Complaint and Demand for Jury Trial,

    - Transcript of Video Recorded Deposition of Arthur Lehmann, taken July 30, 2024,

    - Plaintiff's Responses to Defendant's Initial Interrogatories,

    - Tender Operation Report by Mr. Randall W. Jaques, dated September 5, 2024,

    - Carnival Corporation's Answers to Plaintiff's Initial Interrogatories,

    - Carnival Corporation's Reponses to Plaintiff's Initial Request for Admissions,

    - Carnival Corporation's Supplemental Answers to Plaintiff's Second Interrogatories,

    - Documents produced by Carnival (Bates Nos. CCL_00001-00181),

    - AVI-format video file "CCLPOHEA202300244V - CCTV Footage.avi",

    - Two (2) photographs of Plaintiff's shoes and one (1) photograph of Plaintiff's cane.

2.  **S-E-A reviewed the following references:**

    - International Convention for the Safety of Life at Sea (SOLAS), 1974, and its Protocol of 1988, 2001 Consolidated Edition,

    - International Safety Management (ISM) Code, 2014 Edition,

    - U.S. Coast Guard Port State Information Exchange (PSIX) data for *Carnival Panorama* available online at https://cgmix.uscg.mil/PSIX/PSIXSearch.aspx, and

    - Lloyds Register (LR) Ships in Class data for *Carnival Panorama* available online at https://www.lr.org/en/lrofships/.



S-E-A Matter No. 05.147272
Issue Date:  October 31, 2024

## III.  Discussion

### Background

#### Cruise Ship Description

According to the Coast Guard's PSIX database, *Carnival Panorama* (IMO No. 9802384) is a 1062-foot-long, 133,868-gross-ton (International Tonnage Convention) cruise ship constructed in 2019 at Fincantieri S.p.A.'s Marghera Shipyard in Venice, Italy.  *Carnival Panorama* is registered in Panama and classed by Lloyd's Register (LR).  The ship is owned and operated by Carnival.

SOLAS contains the mandatory international construction and safety standards for *Carnival Panorama*.  According to USCG PSIX and LR records, the ship had a current SOLAS Passenger Ship Safety Certificate and a current ISM Code Safety Management Certificate issued by LR on behalf of the Panama Maritime Authority (AMP) at the time of Mr. Lehmann's incident.  LR completes annual surveys and compliance examinations to ensure compliance with international regulations (on behalf of the flag state - Panama) and classification society rules. The ship also had a current Certificate of Compliance issued by the USCG.  The USCG completes quarterly examinations to ensure compliance with international regulations (on behalf of the port state - United States) and applicable U.S. domestic regulations.

#### Incident Description

At 7:16 a.m. on July 13, 2023, Mr. Arthur Lehmann, a passenger on board the cruise ship *Carnival Panorama*, boarded a tender vessel to travel ashore at Cabo San Lucas, Baja California Sur, Mexico.  Once aboard the tender, Mr. Lehmann fell down a four-step stairway that led to the passenger seating area.  There are conflicting accounts of the incident details.

According to the Plaintiff's Complaint and Demand for Jury Trial  (para. 10, pp. 2-3):

> *On July 13, 2023, Plaintiff tried to board a tender boat, from the Panorama, to reach port in Cabo San Lucas. While on CARNIVAL's gangway, and before boarding the tender, a CARNIVAL employee and/or agent on the tender instructed Plaintiff to give the employee/agent his cane, and Plaintiff complied with the CARNIVAL employee's and/or agent's instruction and handed him his cane. Plaintiff then boarded the tender, and within a few seconds of being on the tender without his cane, the tender became unstable in the water and Plaintiff fell to the ground.*

According to Mr. Lehmann's deposition testimony:

S-E-A Matter No. 05.147272
Issue Date:  October 31, 2024



Docusign Envelope ID: 4E4C51F9-2636-49FF-B77C-7B72AB44A7S8

*We got in line to get off the ship, and then they had a gangplank from the ship to the tender, and I got on the gangplank and went to the end of it, and it had two employees at the end helping people on the tender. And then one of them asked me for my cane, so I gave them my cane. And I stepped down, they both grabbed me by the shoulders to get me on board, and then they released me, and I take -- took maybe one step and all of a sudden, I found myself sliding down the stairs* (Lehmann deposition transcript p. 48).

Mr. Lehmann stated two individuals physically helped him onto the tender (Lehmann deposition transcript pp. 51-52). He stated that there were no handrails to assist him down the steps on board the tender (Lehmann deposition transcript pp. 53-54).

According to the notes on the medical triage report (Bates No. CCL_00001):

*Guest states that he has pain and swelling on right ankle and calf after falling on the stairs on the tender. He states that he has a "bad right knee" and recently had a left knee replacement. He said that he was holding the rails and walking down the stairs of the tender when his legs 'gave out' and he fell, hurting his right ankle.*

According to the Security Watch Officer's Report (Bates No. CCL_00082):

*Upon query, Mr. Lehmann stated while he was going ashore via tender #09, misjudged one the step inside the said tender and fell forward onto his right leg, thus causing the injury.*

## Analysis

S-E-A reviewed the video of the incident. In **Figure 1**, as Mr. Lehmann approached the gangway, he carried his cane in his right hand (cropped still image from incident video at run time 1:05.00).



S-E-A Matter No. 05.147272
Issue Date: October 31, 2024

Docusign Envelope ID: 4E4C51F9-2636-49F5-B77C-7B72AB44A7C8



**Figure 1:  Mr. Lehmann approached the gangway with his cane in his right hand (cropped still image from video at run time 1:05.00).**

S-E-A reviewed the video in 10x slow motion.  During his descent of the gangway, boarding the tender, and eventual fall, Mr. Lehmann was visually obscured by other passengers.  However, following his right shoulder, right arm, and cane, it was apparent that at no time did he hand his cane over to anyone else as he boarded the tender.  In **Figure 2**, as he fell to his right, his right arm flailed upward, bent roughly 90 degrees at the elbow, with his cane still in his right hand (cropped still image from incident video at run time 1:27.98).

S-E-A Matter No. 05.147272
Issue Date:  October 31, 2024



Docusign Envelope ID: 4E4C51F9-2636-49F5-B77C-7B72AB44A7S8



**Figure 2:  Mr. Lehmann fell while holding his cane in his right hand (cropped still image from video at run time 1:27.98).**

**Figure 3** is a close-up of the same image as Figure 2.  Mr. Lehmann was the person in front of the Carnival crew member (blue jacket).  His back was to the camera as he fell to his right.  He was holding his cane (circled in yellow) with his right hand.  The cane is the dark-colored line visible between Mr. Lehmann's right elbow and the Carnival crew member.

S-E-A Matter No. 05.147272
Issue Date:  October 31, 2024



Docusign Envelope ID: 4E4C51F9-2636-49F5-B77C-7B72AB44A7S8



**Figure 3:  Close-up image of Mr. Lehmann's fall (cropped still image from video at run time 1:27.98).**

With respect to the stairs on board the tender, **Figure 4** shows the handrail available to passengers on the right side as they descend the stairs.  Mr. Lehmann had his back to the handrail when he fell.  A vertical handhold was mounted on the left side of the stair (also visible below Mr. Lehmann's right elbow in Figure 3).

S-E-A Matter No. 05.147272
Issue Date:  October 31, 2024





**Figure 4:  Stair handrail on board tender (Bates No. CCL_000162).**

## Review of Report by Mr. Randall W. Jaques

S-E-A reviewed the report of Mr. Randall W. Jaques, dated September 5, 2024.  Mr. Jaques provided the following conclusions:

1. *Cruise ship-to-tender transfer operations are dangerous for cruise ship passengers; this is well known to cruise lines, but not an obvious danger to cruise passengers.*
2. *Cruise ship crew and their tender agents responsible for assisting passengers transfer from the cruise ship to the tender must exercise caution for the safety of cruise ship passengers.*
3. *In this particular case, Carnival's crew and tender agents did not act reasonably under the circumstances because they failed to reasonably assist Mr. Lehmann board the tender vessel.*
4. *The conduct of Carnival's crew and agent directly caused Mr. Lehmann to become injured.*

S-E-A Matter No. 05.147272
Issue Date:  October 31, 2024



Rebuttal

S-E-A disagrees with Mr. Jaques' first conclusion. Although passengers generally may not fully comprehend all of the hazards, the relative motions between the cruise ship and the tender should be obvious to all who can see them. Mr. Jaques failed to explain that the primary hazard is a passenger falling into the water during the transfer nor did he identify any other hazards. Regardless, S-E-A agrees that the embarkation and disembarkation of ship-to-shore tenders is a process with multiple hazards to passengers and crew members that must be mitigated. Likewise, S-E-A agrees with Mr. Jaques' second conclusion.

As for Mr. Jaques' third and fourth conclusions, he basically took the position that since Mr. Lehmann fell, Carnival and/or the tender operator failed in their responsibilities. It is well known among safety professionals that it is impossible to eliminate all accidents. The intent of any reasonable safety program is not to eliminate all accidents, but to decrease their probability of occurrence and/or decrease the severity of their consequences if they occur.

Specifically, **Mr. Jaques faulted Carnival for instructing Mr. Lehmann to hand his cane to a crewmember; this is incorrect. The video shows that Mr. Lehmann held his cane in his right hand during the fall.** Regardless, **Mr. Jaques did not perform a biomechanical analysis to explain if the cane was a causal factor in Mr. Lehmann's fall. The incident video showed Mr. Lehmann carrying his cane, yet he still fell.**

**Mr. Jaques faulted the tender crew for not assisting Mr. Lehmann to his seat. Again, this was also not a causal factor. Mr. Lehmann fell at the spot where he boarded the tender.** As seen in Figure 4, the steps down to the passenger seating area were immediately to the right when stepping on board the tender. Mr. Lehmann fell to his right before he could make the turn. The seating was down the steps and then to an open seat. Mr. Lehmann fell from the top of the steps while being handled by two people (as seen in the incident video).

Mr. Jaques also faulted the tender crew for not advising Mr. Lehmann of nearby railings. According to Mr. Lehmann's testimony, he did not recall any railings present (Lehmann deposition transcript pp. 62, 117). However, the photographic evidence showed otherwise in Figure 4. **The right-hand railing would have been visible to Mr. Lehmann's right, immediately before, and as he boarded the tender.**

S-E-A Matter No. 05.147272
Issue Date: October 31, 2024



Docusign Envelope ID: 4E4C51F9-2636-49F5-B77C-7B72AB44A7S8

Finally, Mr. Jaques faulted Carnival because the crew did "not reasonably assist" Mr. Lehmann. Mr. Jaques did not explain what would have been reasonable beyond crew members on board the cruise ship and the tender physically assisting him (as seen in the incident video) with the transition from one vessel to another.  Carnival recognized the hazards associated with transferring passengers to/from a tender vessel.  Carnival implemented Health, Environment, Safety and Security (HESS) as per the International Safety Management (ISM) Code.  Carnival's HESS Procedure MAR-1481 - Passenger Tendering Operations (Bates Nos. CCL_00152-00154) provided a detailed instruction for the safe transfer of passengers to/from a tender vessel, including the observation of weather/environmental conditions and coordination with tender vessel crews.  **Mr. Jaques did not cite any specific lapses or departures from the instructions in Carnival's HESS Procedure during Mr. Lehmann's incident.**



Docusign Envelope ID: 4E4C51F9-2636-49F5-B77C-7B72AB44A7S8

## Appendices

Investigator Credentials

1. Investigator CV

2. Investigator Testimony Log

3. Investigator Billable Rate Disclosure



Docusign Envelope ID: 4E4C51F9-2636-49F5-B77C-7B72AB44A7S8

# Attachment 1

## Investigator CV

Docusign Envelope ID: 4E4C51F9-2636-49F5-B77C-7B72AB44A7S8



3403 N. Sam Houston Parkway West
Suite 350
Houston, Texas  77086
281.442.3473  •  800.880.7324
Fax 281.590.9675
www.SEAlimited.com

## David J. Martyn, P.E., CSP, CMI
*dmartyn@SEAlimited.com*

## Education

*United States Coast Guard Academy*                    *New London, Connecticut*
Bachelor of Science, Naval Architecture & Marine Engineering

*University of Michigan*                                        *Ann Arbor, Michigan*
Master of Science in Engineering, Naval Architecture & Marine Engineering
Master of Science in Engineering, Industrial & Operations Engineering

*Washington University*                                        *St. Louis, Missouri*
Master of Business Administration

## Experience

**Senior Naval Architect/Marine Engineer**                    **2016 to Present**
*SEA, Ltd.*                                                    *Houston, Texas*
Responsibilities include analyses of mechanical component and equipment failures, marine accident investigations, and marine safety evaluations.

Conducts engineering and failure analyses in the following areas: cargo loading/unloading systems; crew and passenger safety; fire protection and extinguishing systems; hull strength and structural integrity; human factors engineering; hydrostatics and hydrodynamics; lifesaving systems; navigational aids, lights, signals, and systems; piping systems; propulsion and steering systems; shipboard auxiliary machinery systems; and stability (intact and damaged).

Familiar with commercial and recreational vessels, including, but not limited to, barges, cargo ships, cruise ships, fixed and floating offshore oil and gas production facilities, inland river towing vessels, mobile offshore drilling units, offshore crew boats, offshore supply vessels, roll-on/roll-off ships, small passenger excursion vessels, tank ships, yachts, and recreational boats (power and sailing).

Knowledgeable on maritime laws, regulations, and standards, including:  Classification society rules and guidelines for vessels, mobile offshore drilling units, and floating offshore oil and gas production facilities; international standards and treaties, including, but not limited to, SOLAS,

Docusign Envelope ID: 4E4C51F9-2636-49E5-B77C-7B72AB44A7C8

Professional Resume
David J. Martyn, P.E., CSP (12/2023)                                        Page 2

MARPOL, and ILO, plus their related codes; marine-related standards from industry standards-issuing organizations; U.S. federal laws and regulations applicable to marine vessels, navigation safety, and to the commercial maritime and offshore energy industries.

Conducts investigations and safety analyses in the following areas:  Americans with Disabilities Act (ADA) compliance; human factors; premises liability; and workplace safety. Knowledgeable on U.S. federal laws and regulations applicable to occupational safety (OSHA) and accessibility (ADA).  Knowledgeable on mechanical and safety requirements of building codes and international safety codes, including, but not limited, to the Life Safety Code, the International Building Code, the International Mechanical Code, and the International Residential Code.

**Commissioned Officer**                                                    **1994 to 2016**
*United States Coast Guard (Commander, Retired)*
Major emphasis in commercial vessel safety, including inspection of cargo ships/barges, tank ships/barges, roll-on/roll-off ships, cruise ships, small passenger excursion vessels, fixed offshore oil and gas platforms, floating production platforms, mobile offshore drilling units, offshore supply vessels, and offshore crew boats, plus investigations of related commercial maritime accidents.

**Program Manager**                                                         **2013 to 2016**
*Eighth Coast Guard District*                                     *New Orleans, Louisiana*
*Outer Continental Shelf Division*
Managed Coast Guard regulatory inspections and marine casualty investigations in the Gulf of Mexico Outer Continental Shelf oil and natural gas industry to ensure the safety and security of offshore workers and offshore energy production facilities and mobile offshore drilling units.

**Chief, Prevention Department**                                            **2010 to 2013**
*United States Coast Guard Sector Upper Mississippi River*        *St. Louis, Missouri*
Led and managed unit's operational missions, including commercial vessel and waterfront facility regulatory compliance and enforcement, commercial marine accident investigations, and waterways management to maintain safe navigation of federal inland waterways on the upper Mississippi, Missouri, and Illinois Rivers.  Major emphasis on the inland towing/barge industry and small passenger excursion vessels on lakes and inland rivers, plus investigations of lock/dam and bridge allisions.

**Senior Maritime Instructor**                                              **2008 to 2010**
*North American Aerospace Defense Command*                   *Colorado Springs, Colorado*
*& U.S. Northern Command*
Developed and led all maritime-related instruction for a national military command center training program.  Provided specialized instruction on command and control of maritime forces to deter, detect, defend, and defeat maritime threats to the United States and Canada, and support other federal agencies for maritime disaster response.

**Chief, Commercial Vessel Inspection & Marine Investigation Division**     **2005 to 2008**
*United States Coast Guard Sector Jacksonville*                   *Jacksonville, Florida*
Led regulatory oversight of foreign and domestic commercial vessels and port facilities in northeast and east central Florida to ensure compliance with federal laws and regulations governing commercial vessel operations.  Led federal investigations of commercial maritime

Docusign Envelope ID: 4E4C51F9-2636-49F5-B77C-7B72AB44A7S8

Professional Resume
David J. Martyn, P.E., CSP (12/2023)                                                            Page 3

accidents and violations/misconduct by federally licensed or credentialed merchant mariners. Major emphasis on small passenger excursion vessels, foreign-flag cargo vessels, cruise ships, and commercial marine terminals.

**Chief, Domestic Commercial Vessel Inspection Branch**                    **2002 to 2005**
*United States Coast Guard Sector Mobile*                                  *Mobile, Alabama*
Led inspections of domestic commercial vessels to ensure compliance with federal laws and regulations governing commercial vessel operations in Alabama, Mississippi, and Florida panhandle.  Major emphasis on offshore supply vessels, offshore crew boats, tank barges, and deep-draft vessel drydock inspections.

**Naval Architect**                                                       **1998 to 2002**
*United States Coast Guard Headquarters*                  *Washington, District of Columbia*
*Office of Design & Engineering Standards*
Drafted, reviewed, revised, and interpreted Coast Guard technical regulations for commercial vessel hull structures and stability.  As Executive Director of the Ship Structure Committee, managed direction and coordination for an international interagency research and development consortium guiding all aspects of Ship Structure Committee research and development to improve the structural safety of ships.

**Assistant Engineer Officer, Damage Control Assistant, Electrical Assistant**   **1994 to 1996**
*United States Coast Guard Cutter FORWARD (WMEC 911)*                *Portsmouth, Virginia*
Led and managed shipboard engineering operations, maintenance, and repair.  Major emphasis on main propulsion systems, electrical power generation and distribution systems, hull integrity, firefighting systems, and auxiliary machinery systems, including HVAC, refrigeration, potable water, sewage, auxiliary steam, and compressed air systems.

# Professional Registration

Professional Engineer, State of Alabama, License No. 36508
Professional Engineer, State of Arkansas, Registration No. 17511
Professional Engineer, State of California, Registration No. 38637
Professional Engineer, State of Florida, License No. 82585
Professional Engineer, State of Hawaii, License No. PE-20444
Professional Engineer, State of Illinois, License No. 062069319
Professional Engineer, State of Kentucky, License No. 33825
Professional Engineer, State of Louisiana, License No. 41411
Professional Engineer, State of Maryland, License No. 52522
Professional Engineer, State of Michigan, License No. 6201065485
Professional Engineer, State of Mississippi, License No. 28013
Professional Engineer, State of Missouri, License No. 2017006951
Professional Engineer, State of Nevada, License No. 026727
Professional Engineer, State of New Mexico, License No. 24089
Professional Engineer, State of New York, License No. 99286
Professional Engineer, State of North Carolina, License No. 53506
Professional Engineer, State of Ohio, Registration No. PE.83274
Professional Engineer, State of Oklahoma, License No. 29435
Professional Engineer, Commonwealth of Pennsylvania, No. PE092804
Professional Engineer, State of South Carolina, License No. 38414
Professional Engineer, State of Tennessee, Registration No. 125121

Professional Resume
David J. Martyn, P.E., CSP (12/2023)                                                                Page 4

Professional Engineer, State of Texas, License No. 125903
Professional Engineer, Commonwealth of Virginia, License No. 0402035345
Professional Engineer, State of Washington, Registration No. 54845
Professional Engineer, State of West Virginia, Registration No. 22335
Private Investigator, State of Texas, Company License No. A05245

## Certifications
Certified Safety Professional (CSP), Board of Certified Safety Professionals (BCSP),
        Certification No. CSP-32259
Remote Pilot Certificate (Small Unmanned Aircraft Systems), Federal Aviation Administration
Certified XL Tribometrist (CXLT), Certification No. 1703652
Certified Marine Investigator (CMI), International Association of Marine Investigators (IAMI)

## Publications
T. Phillips, D. Martyn, "*Coast Guard Perspective: Evaluation of Continued Service Proposals for Floating Offshore Facilities,*" Offshore Technology Conference, May 2016

## Professional Affiliations
Society of Naval Architects & Marine Engineers (SNAME)
        Hull Structure Committee
American Society of Civil Engineers (ASCE)
Society of Petroleum Engineers (SPE)
American Boat & Yacht Council (ABYC)
National Safety Council (NSC)
American Society of Testing and Materials (ASTM)
        Committee F13 on Pedestrian/Walkway Safety and Footwear
        Committee F25 on Ships and Marine Technology
International Association of Marine Investigators (IAMI)

## Additional Training
- 2023 – OHSA 10-Hour Construction Safety Training
- 2023 – Pendulum Tribometer Training, Columbus, Ohio
- 2023 – IAMI Annual Training Seminar, Las Vegas, Nevada
- 2022 – IAMI Annual Training Seminar, Orlando, Florida
- 2019 – IAMI Annual Training Seminar, Biloxi, Mississippi
- 2018 – International Association of Drilling Contractors (IADC) RigPass, Houston, Texas
- 2018 – Tropical Helicopter Underwater Escape Training (T-HUET), Houston, Texas
- 2018 – Forklift Operator and Safety Training, Houston, Texas
- 2018 – HAZWOPER 40-hour Training Course
- 2017 – Excel Tribometers CXLT Certification Course, Tampa, Florida
- 2016 – OSHA 30-hour General Industry Training
- 2014 – ISO Management System Auditor Course, Houma, Louisiana
- 2014 – Ship Structure Symposium: Vessel Safety & Longevity through Ship Structure Research, Linthicum Heights, Maryland
- 2013 – Coast Guard Mobile Offshore Drilling Unit Inspection Course, Robert, Louisiana
- 2007 – Coast Guard Search and Rescue Planning Course, Jacksonville, Florida

Docusign Envelope ID: 4E4C51F9-2636-49F5-B77C-7B72AB44A7S8

Professional Resume
David J. Martyn, P.E., CSP (12/2023)                                                                                      Page 5

- 2006 – Coast Guard Marine Investigation Course, USCG Training Center, Yorktown, Virginia
- 2004 – Ship Security Officer/Company Security Officer Course, New Orleans, Louisiana
- 2004 – American Salvage Association (ASA) Marine Salvage Course, Mobile, Alabama
- 2003 – Coast Guard Marine Inspection Course, USCG Training Center, Yorktown, Virginia
- 2002 – Visual Weld Inspector Certification Course, Pascagoula, Mississippi
- 2001 – Ship Structure Committee (SSC) Risk and Human and Organizational Factors Seminar, Washington, DC
- 2000 – Ship Structure Symposium: Supporting Quality in Shipbuilding, Arlington, Virginia
- 1998 – SSC Fracture and Fatigue Analysis Workshop, Troy, Michigan
- 1995 – Surface Warfare Damage Control Assistant Course, US Navy (USN) Surface Warfare Officers School, Newport, Rhode Island
- 1995 – Gas Free Engineer Course, USN Training Center, Newport, Rhode Island
- 1995 – Advanced Shipboard Firefighting Course, USN Training Center, Newport, Rhode Island

Docusign Envelope ID: 4E4C51F9-2636-49F5-B77C-7B72AB44A7S8

# Attachment 2

## Investigator Testimony Log

**Testimony Log***

David J. Martyn

2/4/2021 - Present

*Maintained in accordance with Federal Rule 26



| Case Caption | Type | Date | Venue | Court No. |
|---|---|---|---|---|
| Kathleen Pusateri VS. Meyerland Animal Clinic, P.A. | Deposition | 10/4/2024 | In the District Court of 152nd Judicial District Harris County, Texas | Cause No. 202319384 |
| Hannah Sasson vs. Frecked Rabbit, LLC D/B/A Fralos | Deposition | 8/15/2024 | In the District Court 37th Judicial District Bexar County, Texas | Cause No. 2022CI14999 |
| Brenda Singelmann versus Zurich American Insurance Company and American Multi-Cinema, Inc. | Deposition | 4/11/2024 | 24th Judicial District Court for the Parish of Jefferson State of Louisiana | Case No. 847-170 |
| Jenny Vargas vs. Carnival Corporation d/b/a Carnival Cruise Lines | Deposition | 1/23/2024 | United States District Court Southern District of Florida Miami Division | Case No. 1:23-cv-21460-JEM |
| Alexis Matragos V. DFW Custom Pool, LLC | Arbitration Testimony | 12/13/2023 | In Arbitration, Roland Johnson, Arbitrator | Case No. 15898314 |
| Mercedes Shamburger, vs. Carnival Corporation d/b/a Carnival Cruise Lines | Deposition | 12/6/2023 | In the United States District Court of the Sothern District of Florida Miami Division | Case No.:1:20-cv-21117-ALTONAGA |
| Veronica Rodriguez VS. H-E-B, LP | Deposition | 10/25/2023 | In the District Court 444th Judicial District Cameron County, Texas | Cause No. 2021-DCL-05139 |
| US Wind Inc. v. Intermoor, Inc. | Trial | 10/10/2023 | In the United Sates District Court For the District of Maryland Baltimore Division | Case No. 1:19-cv-02984-SAG |
| Alexis Matragos V. DFW Custom Pool, LLC | Deposition | 8/22/2023 | In Arbitration, Roland Johnson, Arbitrator | Case No. 15898314 |

00230623.20

Docusign Envelope ID: 4E4C51F9-2636-49EE-B77C-7B72AB44A7C8

**Testimony Log\***

David J. Martyn

2/4/2021 - Present

*Maintained in accordance with Federal Rule 26



| | | | | |
|---|---|---|---|---|
| Jonathan R. Jowsey VS. Little Woodrow's, LLC and Little Woodrow's in its assumed or common name | Trial | 7/21/2023 | In the District Court Harris County, Texas 295th Judicial District | Cause No. 2020-29994 |
| Jonathan R. Jowsey VS. Little Woodrow's, LLC and Little Woodrow's in its assumed or common name | Deposition | 6/13/2023 | In the District Court Harris County, Texas 295th Judicial District | Cause No. 2020-29994 |
| Miguel Morales vs. Alpha Ready Mix, LLC | Deposition | 2/14/2023 | In the District Court of Williamson County, Texas 395th Judicial District | Cause No. 20-1668-C395 |
| Amanda Garza, Individually and as Representative of the Estate of Oscar Saldivar Garza, Deceased, Ramiro Garza, Hilda Alvarado, and Maribel Favila VS. J.E. Travis Painting, Inc. and Keller-Martin Construction, Inc. | Deposition | 1/20/2023 | In the District Court 131st Judicial District Bexar County Texas | Cause No. 2022CI01829 |
| Mario Maldonado v. Fulcrum Construction TX, LLC, MSJ Sheet Metal and Construction, LLC, and Schmidt Mechanical Group, Inc. | Deposition | 11/1/2022 | In the District Court of Bexar County, TX, 45th Judicial District | Cause No. 2020-CI-06021 |
| U.S. Wind, Inc. vs. Intermoor, Inc. | Deposition | 6/22/2022 | United States District Court For the District of Maryland (Baltimore Division) | Civil Action No: 1:19-cv-02984-SAG |
| New York Marine and General Insurance Company v. Ingram Barge Company, LLC | Deposition | 6/3/2022 | United States Distrcit Court Western District of Kentucky Owensboro Division | Civil Action No. 4:20-CV-179-JHM |
| Misha N. Ghadiri, Wellmark, Inc. d/b/a Wellmark Blue Cross Blue Sheild, vs. The Main Store, Inc., and West Bend Mutual Insurance Company | Deposition | 4/4/2022 | In the Unitied States District Court Western District of Wisoncsin | Case No. 20-cv-1078-wmc |

00230623.20

**Testimony Log\***
David J. Martyn
2/4/2021 - Present
*Maintained in accordance with Federal Rule 26



| | | | | |
|---|---|---|---|---|
| Alex Jimenez v. Watco Companies, LLC | Deposition | 3/24/2022 | In the District Court of Harris County, Texas 270th Judicial District | No. 2019-45451 |
| In the Matter of the Complaint of Borghese Lane, LLC, for Exoneration or Limitation of Liability | Deposition | 2/16/2022 | In the United States District Court For the Western District of Pennsylvania | No. 2:18-cv-533-MJH Consolidated with 2:18-cv-00178; 2:18-cv-00317; 2:18-cv-00510; 2:18-cv-00902; 2:18-cv-00913; 2:18-cv-01647 |
| Trevor Mappe v. ExxonMobil Chemical Company, Inc., ExxonMobil Oil Corporation, and Mollers North America, Inc. | Deposition | 2/14/2022 | In the District Court of Harris County, Texas 269th Judicial District | Cause No. 201925898 |
| Barbara Hall v. Carnival Corporation | Deposition | 12/17/2021 | United States District Court Southern District of Florida | Case No. 21-CIV-2057-BLOOM |
| Daniel Gathers, v. Carnival Corporation b/d/a Carnival Cruise Lines | Deposition | 11/30/2021 | United States District Court Southern District of Florida Miami Division | Case No.: 1:20-cv-24428 |
| Alan Butterfield et. al., vs. Centerpoint Energy Houston Electric, LLC, et. al. | Deposition | 10/5/2021 | 333rd Judicial District Court – Harris County, Texas | Cause No. 2018-52012 |
| Kirsten Quashen v. Carnival Corporation, a Panamaniam Corporation, the owner and operator of the Trademark Carnival Cruise Line | Deposition | 9/27/2021 | United States District Court Southern District of Florida Miami Division | Case No.: 1:20-cv-22299-KMM |
| John Barnett vs. Stafford Transport of Louisiana d/b/a Custom Ecology Inc. | Deposition | 9/24/2021 | United States District Court Eastern Disctict of Texas | Civil Action No.: 1:20-CV-280 |
| Carelyn Fylling v. Royal Caribbean Cruises, Ltd., a Liberian Corporation | Trial | 9/22/2021 | United States District Court Southern District of Florida Miami Division | Case No. 18-CV-21953-Martinez/Otazo-Reyes |
| Melanie Strongosky vs. Carnival Corporation d/b/a Carnival Cruise Lines | Deposition | 9/2/2021 | United States District Court Southern District of Florida Miami Division | Case No.: 20-CIV-23018-KMW |

00230623.20

Docusign Envelope ID: 4E4C51F9-2626-49EE-B77C-7B72AB44A7C8

**<u>Testimony Log*</u>**

David J. Martyn

2/4/2021 - Present

*Maintained in accordance with Federal Rule 26



| In Re. Sea-Vista Newbuild I, LLC | Bench Trial | 7/22/2021 | United States District Court for the Southern District of Texas | Case No. 4:19-cv-01487 |
|---|---|---|---|---|
| Amanda Taylor, Individually and on Behalf of Zachary Charles Taylor and Clinton Saul Taylor, Minors vs. Texas Petroleum Investment Company and Trails Yamaha Services Center, LLC | Deposition | 3/25/2021 | 16th Judicial District Court for the Parish of St. Martin State of Louisiana | Docket No. 83306 |
| David Hall, Claimant v. HEB Grocery Company, LP Respondent | Arbitration Testimony | 2/4/2021 | American Arbitration Association | No. 01-17-007-3981 |

00230623.20

Docusign Envelope ID: 4E4C51F9-2636-49F5-B77C-7B72AB44A7S8

# Attachment 3

## Investigator Billable Rate Disclosure



3403 N. Sam Houston Pkwy. West
Suite 350
Houston, Texas 77086
281.442.3473 • 800.880.7324
Fax 281.590.9675
www.SEAlimited.com

# FEE/COST SUMMARY

*David J. Martyn, P.E., CSP, CMI*

Investigative and engineering analyses are conducted on a time-and-expense basis. SEA, Ltd. invoices for activities, including but not limited to, travel time, scene inspection, follow-up investigation, testing and analysis, documentation and report writing, court preparation, deposition and courtroom testimony. The hourly fee per individual is the same, regardless of the activity being performed on the project (travel, scene inspection, communication, deposition, trial, etc.). **The current billable rate per hour for** *David Martyn is $360.*

SEA, Ltd. also invoices for any out-of-pocket expenses on an actual cost basis. Other expenses may include, but are not limited to, travel costs, photographs, photocopies, police/fire/agency reports, postage, faxes, international long-distance telephone charges, supplies, equipment or tool rental when required, evidence storage fees, and special testing or laboratory services. Often, chemical laboratory charges are established on a fee-per-sample/per-test basis (i.e., fire debris by gas chromatography). Items not included in the fee-per-sample rate will either be quoted a rate and/or analysis performed at the chemist's regular hourly rate.

*This document is submitted in response to your request. This document is Privileged and Confidential. This document is not to be disseminated to any third party in any other manner or form than indicated. Rates listed are effective 1/1/24. Hourly rates may be subject to change. To ensure accuracy, please inquire about current rates.*