UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

ARTHUR LEHMANN,

     Plaintiff,

v.

CARNIVAL CORP.,

     Defendant.

CASE NO. 1:24-cv-20060-KMW

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S DAUBERT MOTION TO LIMIT TRIAL TESTMONY OF CARNIVAL'S REBUTTAL LIABILTY EXPERT, DAVID MARTYN

Defendant, Carnival Corporation ("Carnival"), responds in opposition to Plaintiff's Daubert Motion to Limit Trial Testimony of Carnival's Rebuttal Liability Expert, David Martyn, and states:

What's good for the goose is good for the gander. Every argument that Plaintiff makes for striking Martyn applies with equal or greater force to his own liability expert, Randall Jaques. Plaintiff contends that certain of Martyn's opinions are derived solely from watching the CCTV footage of the subject incident and providing his interpretation of same. Carnival has moved to strike Jaques in his entirety primarily on this basis. Indeed, Martyn was disclosed as a rebuttal expert to Jaques in large part because Jaques sought to provide his spin on the CCTV footage under the guise of expert testimony. But if Jaques is stricken entirely, then Carnival will necessarily not need Martyn as an expert witness since he is only in rebuttal to Jaques. To the extent that Jaques is not stricken entirely, then Martyn's opinions meet the Daubert threshold as well and he should be permitted to testify.

Mr. Martyn is a forensic engineer, specializing in naval architecture, marine engineering, mechanical engineering, and industrial safety engineering. His curriculum vitae is attached to Plaintiff's Motion. [ECF No. 34-1 p. 21]. He has a bachelor's degree from the U.S. Coast Guard Academy in naval architecture and marine engineering. He also has two master's degrees from the University of Michigan in Naval Architecture and Marine Engineering and in Industrial and Operations Engineering. He previously served as a marine inspector and investigator for the U.S. Coast Guard, conducting Coast Guard regulatory inspections and accident investigations in the commercial maritime industry, including cruise ships. He has significant experience investigating and analyzing marine accidents, mechanical component failures, and equipment failures. Mr. Martyn's advanced degree in Industrial and Operations Engineering is in the engineering discipline associated with designing a process. Processes typically include human beings. In order to design a process that includes human interaction, taking into account human performance (including ambulation), limitations, and safety, Mr. Martyn's studies included human factors and safety engineering. Mr. Martyn is a licensed Professional Engineer in Florida and 26 other states. He is also a Certified Safety Professional, certified by the Board of Certified Safety Professionals, and a Certified Marine Investigator, certified by the International Association of Marine Investigators.

"A rebuttal expert, by definition, criticizes or rebuts the methodology and opinions of another expert." *Action Nissan, Inc. v. Hyundai Motor Am.*, 2020 WL 9173027, *3 (M.D. Fla. Nov. 5, 2020). Federal Rule of Civil Procedure 26(a)(2)(C) provides that an expert is properly identified as "rebuttal" when the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party under Fed. R. Civ. P. 26(a)(2)(B). The District Court has broad discretion in determining what constitutes proper rebuttal evidence, and it should not limit rebuttal testimony that goes to the heart of the principal issues. *Johnson v. Petsmart, Inc*., 2007

WL 3024029 (M.D. Fla. Oct. 15, 2007) (holding that the plaintiff's rebuttal expert was properly identified as such, because the plaintiff's rebuttal expert report addressed issues within the same subject matter of the report which it was intended to rebut). "Courts in this district have held that rebuttal opinions are permitted when they directly address an assertion raised by an opponent's experts." *Lebron v. Royal Caribbean Cruises, Ltd.*, 2018 WL 3583002, *2 (S.D. Fla. July 26, 2018) (citing *In re Trasylol Prods. Liab. Litig.*, 2010 WL 4065436, *2 (S.D. Fla. Aug. 6, 2010). "Often, a rebuttal expert is permitted to use new methodologies for the purpose of rebutting the assumptions of another expert." *Wherevertv, Inc. v. Comcast Cable Cmm'ns, LLC*, 2022 WL 4017049, *3 (M.D. Fla. Sept. 4, 2022).

"A review of the case law after *Daubert* shows that the rejection of expert testimony is the exception rather than the rule." FED. R. EVID. 702 Advisory Committee Note. Rule 702 is "broadly phrased" and the "fields of knowledge which may be drawn upon [by experts] are not limited merely to the 'scientific' and 'technical' but extend to all 'specialized knowledge.'" *Id*. Expert testimony may be admitted into evidence if: (1) the expert is qualified to testify competently regarding matters he intends to address; (2) the methodology by which the expert reaches his conclusions is sufficiently reliable; and (3) the testimony assists the trier of fact—through the application of scientific, technical, or specialized expertise—to understand the evidence or to determine a fact in issue. *United States v. Frazier*, 387 F.3d 1244, 1263 (11th Cir. 2004); *Kumho Tire Co. v. Carmichael*, 526 U.S. 137, 147 (1999). When analyzing a challenge to expert testimony, a court must determine whether a proffered expert has employed "the same level of intellectual rigor that characterizes the practice on an expert in the relevant field." *Id*.

Plaintiff overlooks that Martyn is not simply reviewing the CCTV and providing opinions, but is criticizing Jaques for doing so and disagreeing with his conclusions. Martyn has the

experience and methodology to render these opinions. Martyn is a Certified Marine Investigator. He served in the United States Coast Guard for over 20 years, where his work included investigations of commercial and maritime accidents. [*See* CV of D. Martyn, ECF No. 34-1, p. 22]. As a marine investigator, Martyn was tasked with interviewing witnesses, gathering and considering all of the evidence, and formulating conclusions regarding the cause of maritime accidents. In that role, Martyn would often review and analyze CCTV footage of maritime accidents (where available) as part of his investigation.

Unless an expert's testimony is so "fundamentally unreliable that it can offer no assistance to the jury . . . the factual basis of the testimony goes to the weight of the evidence." *Larson v. Kempker*, 414 F.3d 936, 940-41 (8th Cir. 2005). Further, Plaintiff failed to even take Martyn's deposition to expand on his methodology. *Continental Motors, Inc. v. Jewell Aircraft, Inc.*, 2013 WL 5530842, *7-8 (S.D. Ala. Oct. 4, 2013). "While not outcome-determinative, it would have certainly assisted" in "filling in the blanks it now complains of with regard to  . . . methodology." *AM Grand Court Lakes, LLC v. Rockhill Ins. Co.*, 2019 WL 13216296, *5 (S.D. Fla. Sept. 11, 2019). And that Martyn's opinions disagree with Plaintiff and Jaques is not a basis to strike him. "[T]he contrary testimony of one eyewitness, particularly one who, under plaintiff's theory would be responsible for the accident, does not render an expert's opinions inadmissible." *Desert Falcon-Special Maritime Enter. v. East Coast Terminal Co.*, 2004 WL 5612966 (S.D. Ga. Jan. 5, 2004) (citing *Greenwell v. Boatwright*, 184 F.3d 492, 497 (6th Cir. 1999)). An expert's testimony based on their review of the physical evidence is admissible even if it is contradicted by witness testimony unless that testimony rises to the level of judicial admissions. *See Trinidad v. Moore*, 2016 WL 4577020 (M.D. Ala. Aug. 31, 2016). Martyn was confined to the same constellation of evidence as Jaques. This is sufficient facts and data to meet *Daubert*. *See Nemir v. Mitsubishi*

*Motor Sales of Am., Inc.*, 6 Fed. App'x 266, 270 (11th Cir. 2001) (reversing order striking expert witness where district court focused too narrowly on his use of exemplars).

"[E]xperts are not prohibited from relying on assumptions when reaching their opinions." *Nkansah v. Martinez*, 2017 WL 2798520, *4 (M.D. La. June 28, 2017). "As a general rule, questions related to the bases and sources of an expert's opinions affect the weight to be assigned that opinion rather than its admissibility and should be left for the jury's consideration." *Id*. "The most appropriate place to challenge the assumptions made by an expert is at trial on cross-examination and with countervailing expert testimony." *Id*. at *4. An expert can opine based on assumed facts if there is support for them in the record evidence. *Reed v. Royal Caribbean Cruises Ltd.*, 2021 WL 2592888, *5 (S.D. Fla. May 3, 2021).

Martyn's testimony is likewise helpful. "The helpfulness inquiry is essentially a question of relevance." *Johnson v. Carnival Corp.*, 2021 WL 1341527, *3 (S.D. Fla. Apr. 9, 2021). "For testimony to satisfy the third requirement—assisting the trier of fact—the testimony must concern matters that are beyond the understanding of the average lay person." *Id*. "[E]xperts may describe recognized principles, provide general background, or simply explain other evidence." *United States v. Channon*, 2015 WL 13666980, *10 (D.N.M. Jan. 8, 2015) (citing *United States v. Mulder*, 273 F.3d 91, 102 (2d Cir. 2001)).

Martyn's role in this case is limited to providing expert rebuttal testimony to the opinions proffered by Plaintiff's expert Jaques. One of Martyn's ultimate conclusions is that Jaques' opinions and methodology are flawed and incorrect because he failed to properly review and consider the CCTV footage of Plaintiff's incident. Jaques himself admitted at his deposition that he had not reviewed any "enhanced" CCTV footage of the incident (*i.e.*, zoomed in and slowed down frame-by-frame). [*See* Depo. R. Jaques, ECF No. 35-1, p. 83, 86, and 99-100]. When confronted at his

CASE NO. 1:24-cv-20060-KMW

deposition with the so-called "enhanced" view of the CCTV footage, Jaques testified that it was up for interpretation whether Plaintiff actually handed over his cane while boarding the tender boat as alleged. [*Id*., p. 45]. Jaques then testified that "I believe that, you know, he did hand over his cane, based upon, of course, [Plaintiff's] own statement to me . . . ." [*Id*.].

By contrast to Jaques, Martyn did more than just conduct a cursory review of the CCTV footage and take Plaintiff at his word. Based on his training and experience as a marine investigator, Martyn conducted a thorough analysis of the CCTV video, slowing it down and reviewing it frame-by-frame, as well as zooming in to get a clearer view of Plaintiff as he fell on the tender boat. This analysis was part of the scientific method applied by Martyn as  a marine investigator, which includes reviewing ***in detail*** all available objective video and photographic evidence.

Contrary to Plaintiff's counsel's complaints, Martyn also considered the available contradictory evidence as part of his methodology, including Plaintiff's deposition testimony that he handed over his cane as he boarded the tender boat. [*See* Report of D. Martyn, ECF No. 34-1, p. 11-12]. Like Jaques, Martyn's report does not mention any review or citation to the deposition testimony of Plaintiff's niece, Tina Lopez, or her best friend, Yvette Suniga. That is because Martyn's report was finalized and served on October 31, 2024 [*Id*., p. 1-3], which was 19 days before Suniga's November 19, 2024 deposition [Depo. Y. Suniga, ECF No. 34-4, p. 1] and 26 days before Lopez's November 26, 2024 deposition [Depo. T. Lopez, ECF No. 34-5, p. 1] . Regardless, the corroborating testimony of Plaintiff's niece and her best friend would not have made a difference here since Martyn already considered and cited to Plaintiff's own history of the incident, which he concluded was contradicted by the CCTV video based on his own detailed analysis of same, informed by his training and experience as a marine investigator.

- 6 -

Again, Martyn's testimony is more related to his criticism of Jaques, Jaques' methodology (if any), and Jaques' flawed conclusions. Martyn's testimony would be relevant and helpful to the jury assuming that Jaques is permitted to testify. Accordingly, this Court should deny Plaintiff's Daubert motion.

WHEREFORE Defendant, Carnival Corporation, respectfully requests that this Court deny Plaintiff's Daubert Motion as to Mr. Martyn, and grant any other and further relief this Court deems just and proper.

Respectfully submitted,

/s/ Victor J. Pelaez

Victor J. Pelaez
Fla. Bar No. 78359
Email: vpelaez@fowler-white.com

Cameron W. Eubanks
Fla. Bar No. 85865
Email: ceubanks@fowler-white.com

FOWLER WHITE BURNETT, P.A.
Brickell Arch, Fourteenth Floor
1395 Brickell Avenue
Miami, Florida 33131
Telephone:    (305) 789-9200
Facsimile:    (305) 789-9201